1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BERLAN LYNELL DICEY,

11              Plaintiff,                  No. 2:08-cv-2608-WBS-JFM (PC)

12        vs.

13   W. R. HARRISON, et al.,

14              Defendants.           FINDINGS & RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  This action is proceeding on plaintiff's amended complaint, filed April 9,

18   2009, and is before the court on defendants' motion to dismiss pursuant to Fed. R. Civ. P.

19   12(b)(6) for failure to state a claim upon which relief may be granted.

20                    STANDARDS FOR A MOTION TO DISMISS

21              Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to

22   dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

23   In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as

24   true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197

25   (2007), and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes,

26   416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint

1  must contain more than "a formulaic recitation of the elements of a cause of action;" it must

2  contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell

3  Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not

4  necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . .

5  claim is and the grounds upon which it rests."'"  Erickson, 551 U.S. 89, 127 S.Ct. at 2200

6  (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

7                    ALLEGATIONS OF THE AMENDED COMPLAINT

8             Plaintiff's amended complaint contains the following allegations.  On March 29,

9  2007, plaintiff was the victim of an assault by another inmate.  After correctional officers used

10  pepper spray and batons to remove the assailant from plaintiff, plaintiff was ordered to turn over

11  and "prone out."  Amended Complaint, filed April 9, 2009, at 5.  Plaintiff complied with the

12  order.  Immediately thereafter, defendant Harrison "stated 'Oh this is Dicey'" and then sprayed

13  pepper spray directly into plaintiff's face and head area.  Plaintiff yelled to defendant Harrison as

14  loud as he could to please stop because plaintiff has asthma and couldn't breathe.  Defendant

15  Harrison told plaintiff to shut up.  Plaintiff became nauseated.  Defendant Harrison told plaintiff

16  that if he spit again, defendant Harrison would spray him again.  Plaintiff explained that if he spit

17  or threw up it would be an accident because he couldn't breathe.  Defendant Harrison responded

18  that if plaintiff spit again it would be an accident that defendant Harrison sprayed him.

19             Plaintiff was then escorted to the medical clinic.  Defendant Harrison continued to

20  taunt him.  Plaintiff was complaining to a correctional sergeant and defendant Pfadt that he

21  couldn't see and felt like he was on fire, and he asked to be decontaminated.  Defendant Harrison

22  told plaintiff to stop complaining.  About twenty minutes after plaintiff was placed in a holding

23  cell he was inadequately decontaminated, even though he informed defendants that he suffers

24  from asthma.

25             Plaintiff has been subjected to "reprisals, harrassments [sic] and intimidation" by

26  defendant Harrison and other correctional officers for using the administrative grievance process.

1 Amended Complaint at 7.  Plaintiff suffered serious eye and skin injuries as a result of the spray

2 and now has to wear glasses.

3                              DEFENDANTS' MOTION TO DISMISS

4               Defendants Harrison and Pfadt seek dismissal of this action on the ground that

5 plaintiff has not alleged facts which support a claim for violation of the Eighth Amendment

6 through use of excessive force.

7               "When prison officials use excessive force against prisoners, they violate the

8 inmates' Eighth Amendment right to be free from cruel and unusual punishment."  Clement v.

9 Gomez, 298 F.3d 898, 903 (9th Cir.2002).  "Force does not amount to a constitutional violation

10 in this respect if it is applied in a good faith effort to restore discipline and order and not

11 'maliciously and sadistically for the very purpose of causing harm.' " Id. (quoting Whitley v.

12 Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)).  Defendants contend that

13 plaintiff has not alleged any facts to support a claim of excessive force and that the allegations of

14 the amended complaint and the documents appended thereto "fully support the conclusion that

15 any alleged use of force was entirely appropriate under the circumstances and was applied in a

16 good faith effort to restore discipline."  Motion to Dismiss, filed September 1, 2009, at 7.

17 Defendants' contention is without merit.

18               Plaintiff alleges that defendant Harrison sprayed him in the face with pepper spray

19 after the altercation  was over and plaintiff was lying prone on the ground.  Plaintiff also alleges

20 that defendant Harrison recognized plaintiff and identified him by name before he sprayed

21 plaintiff in the head and face with pepper spray.  These allegations are sufficient to state a

22 cognizable claim of excessive force against defendant Harrison, and the court will recommend

23 that the motion to dismiss be denied as to defendant Harrison.

24                Plaintiff does not raise an excessive force claim against defendant Pfadt.  Plaintiff

25 claims that defendant Pfadt violated plaintiff's rights under the Eighth Amendment by acting

26 with deliberate indifference to plaintiff's serious medical need for adequate and timely

decontamination after he was pepper sprayed by defendant Harrison. Defendant Pfadt has not sought dismissal of this claim, and, in any event, the amended complaint states a cognizable claim for deliberate indifference to plaintiff's serious medical needs against both defendant Harrison and defendant Pfadt.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  Defendants' September 1, 2009 motion to dismiss be denied; and

2.  Defendants be directed to answer the amended complaint within ten days from the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 18, 2010.


UNITED STATES MAGISTRATE JUDGE

12
dice2608.mtd

4