IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERLAN LYNELL DICEY,

        Plaintiff,                No. 2:08-cv-2608-JAM-JFM (PC)

    vs.

W. R. HARRISON, et al.,

        Defendants.       ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. In relevant part, plaintiff claims that defendant Harrison violated his rights under the Eighth Amendment by use of excessive force and deliberate indifference to plaintiff's serious medical needs in an incident at High Desert State Prison on March 29, 2007. This action is before the court on plaintiff's motion to compel further responses to a request for production of documents that he served on defendant Harrison.[1] Defendants oppose the motion.

        By request number 1, plaintiff sought production of all 602 inmate grievance appeals filed against defendant Harrison by inmates at High Desert State Prison (High Desert).

---

[1] Discovery closed in this action on December 17, 2010. See Revised Scheduling Order filed September 14, 2010. By order filed January 4, 2011, plaintiff was granted a period of thirty days in which to file a motion to compel further responses to his request for production of documents.

1

Defendant initially objected to the request as "overly broad and not reasonably calculated to lead to the discovery of admissible evidence" and on the ground that he had no documents responsive to the request. Ex. A to Declaration of Matthew Ross Wilson, attached to Defendant Harrison's Opposition to the Plaintiff's Motion to Compel, filed February 9, 2011 (hereafter Wilson Declaration), at 2. Subsequently, defendant supplemented the response by providing plaintiff a copy of the grievance he filed concerning the incident at bar. Ex. B to Wilson Declaration at 2. Plaintiff's request number 4 is substantially similar, as is defendant's initial and supplemental response thereto. Plaintiff has made no showing that the responses to requests 1 and 4, as supplemented, are inadequate. Accordingly, no further responses to these requests will be required.

By request number 2, plaintiff sought production of "any and all documents of complaints filed against you by fellow departmental (CDCR) employee's and or free staff employees at high desert prison, if any." Ex. A to Wilson Declaration at 2-3. Defendant Harrison objected to this request as "overly broad and not reasonably calculated to lead to the discovery of admissible evidence." Id. at 3. Defendant Harrison also responded that he had no documents responsive to the request. Defendant Harrison's objection is well-taken. No further response to this request will be required.

By request number 3, plaintiff sought production of "any and all documents filed against you concerning an internal affairs investigations [sic] at high desert state prison and or at any other (CDCR) institution, if any." Id. By request number 5, plaintiff sought "any and all written documents filed against [defendant Harrison] or correctional officials at high desert state prison that concern the march/ 29th/ 2007 incident on facility "bravo yard" circumstances surrounding your involvement of the use of force on the plaintiff "Berlan Lynell Dicey" and on inmate "John Holcome" (incident log number: HDSP-FBO-07-03-0172). Id. at 3-4. By request number 6, plaintiff sought production of all documents filed against defendant Harrison "that there after adverse, disciplinary action was recomended [sic] or taken against you, if any.

Defendant Harrison objected to request numbers 3 and 6 as overly broad and to request numbers 3, 5 and 6 as "not reasonably calculated to lead to the discovery of admissible evidence." Id. at 3. Defendant Harrison also objected that disclosure of such documents is protected by the official information privilege, California Evidence Code §§ 1040, 1043 and 1045, and California Penal Code § 832.7. Id. Good cause appearing, defendant Harrison will be directed to submit for in camera review all documents responsive to these requests.

By request number 7, plaintiff sought " any and all documents writings, drawings, graphs, charts, photographs, phono-records, and other data compications [sic] from which information can be obtained, including electronic mail ("e-mail") concerning the use of force policies of chemical agents (o.c.9. pepper spray tear gas) etc... that is considered non privileged information, if any." Id. at 4. Defendant Harrison objected to this request as vague, ambiguous, overly broad, and overly burdensome, but produced to plaintiff relevant provisions of Title 15 of the California Code of Regulations. Id. Similarly, by request number 8, plaintiff sought " any and all information and documents that contain, mention, construe, or refer to policies on correctional officials responses to inmate on inmate threats and violence at high desert state prison, if any. Id. at 5. Defendant interposed the same objections, as well as an objection that the request could encompass documents protected by the attorney client privilege and work product, and provided the same sections of Title 15 in response. Id. By request number 9, plaintiff sought " any and all written information and documents, memos, memorandums, addressed to all correctional officials concerning policies and procedures of the use of force policy against inmates at high desert state prison, if any." In response, defendant objected that the request was "[o]verly broad, burdensome and harassing" but also a response referring plaintiff to the same provisions of Title 15. Id. Defendant's response to requests 7, 8, and 9 is sufficient. No further response will be required.

By request number 10, plaintiff sought "any and all documents written complaints, electronic mail (email) filed against this department, (high desert state prison) by

inmates and or by the inmates family or family members, civilians and any other firms, agencies, including the office of the inspector general, the prison law office and the department of justice that surround circumstances concerning complaints of excessive use of force by high desert state prison correctional officials starting from the year 2005 entill [sic] the "year 2010", if any." Id. Defendant objected to that request on the grounds that it was "not reasonably calculated to lead to the discovery of admissible evidence" and that disclosure of such documents was protected by "the official information privilege and California Evidence Code §§1040, 1043 and 1045 and Penal Code S832.7." Id. Defendant's objection that this request is not reasonably calculated to lead to the discovery of admissible evidence is well-taken. No further response will be required.

By request number 11, plaintiff sought "any and all documents. written memorandums, video recordings, tape recordings that was conducted with you concerning the march/29th/2007 incident of your role of the use of force of chemical agents against the plaintiff, if any." Id. at 6. Defendant objected to this request, on the ground that "[a]s phrased, this request seeks documents protected by the attorney client privilege, work product doctrine and official privilege." Defendant also stated that he had nothing responsive to the request. In opposition to the motion, defendants note that defendant did produce the incident report from this incident in a supplemental response to request number 12. Id. Production of the incident report is a sufficient response to this request. No further response will be required.

By request number 12, plaintiff sought "any and all documents concerning the march/29th/2010 incident involveing [sic] the plaintiff and your role of the use of force incident package CDCR 3010, incident commander review critique use of force incidents, CDCR 301 1 managers review first level use of force incidents, CDCR 3012 managers review second level use of force incidents CDCR 3013 inmate interview guidelines, CDCR 3014 report of findings inmate interview, CDCR 3034 institutional executive review committee allegation review, CDCR 3035 IERC use of force review and further action recommendation and any other CDCR

incident reports including CDCR forms 3036, 3037 CDCR 1662 preliminary incident notification and CDCR 3010 form or forms and or any other documents that are discoverable if any." Id. at 6.  Defendant initially objected that he had no documents responsive to this request, id. at 7, but subsequently produced the rules violation report and the incident reports from the incident at bar.  Ex. B to Wilson Declaration at 4.  Defendant's response to request number 12 is sufficient.  No further response will be required.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's February 3, 2011 motion to compel further responses to his request for production of documents is denied as to request numbers 1, 2, 4, 7, 8, 9, 10, 11 and 12; and

2. Within ten days from the date of this order defendant shall submit to the chambers of the undersigned for in camera review any documents responsive to requests 3, 5 and 6 related to the March 29, 2007 incident that is the subject of this action.

DATED: September 14, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
dice2608.mtc

5