IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERLAN LYNELL DICEY,

     Plaintiff,                  No. 2:08-cv-2608-JAM-JFM (PC)

    vs.

W. R. HARRISON, et al.,

     Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. In relevant part, plaintiff claims that defendant Harrison violated his rights under the Eighth Amendment by use of excessive force and deliberate indifference to plaintiff's serious medical needs in an incident at High Desert State Prison on March 29, 2007. By order filed September 14, 2011, this court directed defendant Harrison to submit to the undersigned for in camera review any documents responsive to requests 3, 5 and 6 of a request for production of documents propounded by plaintiff. On September 26, 2011, defendant Harrison submitted one document responsive to request number 5, together with a statement that he has no documents responsive to requests 3 or 6.

        Defendant objected to production of documents responsive to request number 5 on the ground that the request was "not reasonably calculated to lead to the discovery of

1

1 admissible evidence." Ex. A to Defendant Harrison's Opposition to the Plaintiff's Motion to
2 Compel, filed February 9, 2011, at 3-4.  Defendant Harrison also asserted that disclosure of
3 documents responsive to the request was "protected pursuant to the official information privilege
4 and California Evidence Code §§ 1040, 1043 and 1045 and Penal Code § 832.7."  Id. at 4.

5       The scope of any claim privilege in this action is governed by federal law.  See
6 Kerr v. U.S. District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir.
7 1975).  Federal common law provides a qualified privilege for official information.  Id. at 198.
8 That privilege "must be formally asserted and delineated in order to be raised properly."  Id.  In
9 order to assert the privilege

> [t]he claiming official must "have seen and considered the contents of the documents and himself have formed the view that on the grounds of public interest they ought not to be produced" and state with specificity the rationale of the claimed privilege.

13 Id. (quoting United States v. Reynolds, 345 U.S. 1, 8 n.20 (1953)).  Defendant Harrison has not
14 complied with these requirements.  He has provided no rationale for assertion of the privilege
15 with respect to the document tendered for in camera review and has not met his burden of
16 demonstrating that the document is protected by the federal common law official information
17 privilege.

18       Although the state law protections claimed by defendant Harrison are not
19 controlling in this action, see Kerr, supra, this court has reviewed the provisions of California
20 Evidence Code §§ 1040, 1043, and 1045, and California Penal Code § 832.7.  The court finds
21 nothing in those sections that would require nondisclosure of the document at issue.  In light of
22 the provisions of California Penal Code § 832.7(e) and good cause appearing, the parties will be
23 prohibited from using the document for any purpose other than proceedings in this action.

24       In accordance with the above, IT IS HEREBY ORDERED that defendant
25 Harrison shall forthwith produce to plaintiff the document submitted to this court on September
26 /////

1  26, 2011 for in camera review.  The document shall not be used for any purpose other than
2  proceedings in this action.
3  DATED: October 4, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
dice2608.ricr