1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BERLAN LYNELL DICEY,

11            Plaintiff,                    No. 2:08-cv-2608-JAM-JFM (PC)

12        vs.

13   W. R. HARRISON, et al.,

14            Defendants.              FINDINGS & RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  This action is proceeding on plaintiff's amended complaint, filed April 9,

18   2009.  Plaintiff claims that his rights under the Eighth Amendment were violated by defendant

19   Harrison's use of excessive force in pepper spraying plaintiff, and by the deliberate indifference

20   of both defendants Harrison and Pfadt to plaintiff's medical need for adequate and timely

21   decontamination after being pepper sprayed.  This matter is before the court on defendants'

22   motion for summary judgment pursuant to Fed. R. Civ. P. 56.

23                    SUMMARY JUDGMENT STANDARDS UNDER RULE 56

24            Summary judgment is appropriate when it is demonstrated that there exists "no

25   genuine issue as to any material fact and that the moving party is entitled to a judgment as a

26   matter of law."  Fed. R. Civ. P. 56(c).

1

1    Under summary judgment practice, the moving party

2    always bears the initial responsibility of informing the district court
     of the basis for its motion, and identifying those portions of "the
3    pleadings, depositions, answers to interrogatories, and admissions
     on file, together with the affidavits, if any," which it believes
4    demonstrate the absence of a genuine issue of material fact.

5    Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

6    nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

7    judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

8    to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

9    after adequate time for discovery and upon motion, against a party who fails to make a showing

10   sufficient to establish the existence of an element essential to that party's case, and on which that

11   party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof

12   concerning an essential element of the nonmoving party's case necessarily renders all other facts

13   immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

14   whatever is before the district court demonstrates that the standard for entry of summary

15   judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

16       If the moving party meets its initial responsibility, the burden then shifts to the

17   opposing party to establish that a genuine issue as to any material fact actually does exist.  See

18   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

19   establish the existence of this factual dispute, the opposing party may not rely upon the

20   allegations or denials of its pleadings but is required to tender evidence of specific facts in the

21   form of affidavits, and/or admissible discovery material, in support of its contention that the

22   dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

23   must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

24   of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

25   (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

26   1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

1   return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

2   1436 (9th Cir. 1987).

3          In the endeavor to establish the existence of a factual dispute, the opposing party

4   need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

5   claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

6   versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

7   judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

8   genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

9   committee's note on 1963 amendments).

10         In resolving the summary judgment motion, the court examines the pleadings,

11  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

12  any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

13  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

14  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

15  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

16  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

17  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

18  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

19  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

20  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

21  'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

22         On May 28, 2009, the court advised plaintiff of the requirements for opposing a

23  motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154

24  F.3d 952, 957 (9th Cir. 1998) (en banc),  cert. denied, 527 U.S. 1035 (1999), and Klingele v.

25  Eikenberry, 849 F.2d 409 (9th Cir. 1988).

26  /////

ANALYSIS

I. Facts

It is undisputed that at all times relevant to this action plaintiff was an inmate confined at High Desert State Prison (High Desert), and that defendants Harrison and Pfadt were employees of the California Department of Corrections and Rehabilitation (CDCR) working at High Desert. On March 29, 2007, an inmate named Holcomb (Holcomb) approached plaintiff near the pill line window at High Desert's Facility B medical clinic.

Most of the other material facts relevant to plaintiff's claims are in dispute.[1] Defendants present evidence which suggests the following version of events. Holcomb and plaintiff exchanged words, after which Holcomb swung at plaintiff's face with a closed fist. Ex. A to Declaration of Dmitri Hanlon in Support of Harrison and Pfadt's Motion for Summary Judgment, filed March 11, 2011 (Hanlon Declaration). Thereafter Holcomb and plaintiff began to punch each other. Id. Two correctional officers, neither of whom are parties in this action, ordered both inmates to stop and get down but neither complied with the order. Another officer used the public address system to order all inmates on the yard down; all complied except Holcomb and plaintiff. Instead, Holcomb grabbed plaintiff around the torso and forced him to the ground. Declaration of W. Harrison in Support of His and Pfadt's Motion for Summary Judgment, filed March 11, 2011 (Harrison Declaration), at ¶ 2. Holcomb landed on top of plaintiff and began punching with both fists toward plaintiff's head. Id. at ¶ 3. Both Holcomb and plaintiff ignored orders to stop fighting, at which point the two non-party correctional officers sprayed them both with pepper spray while they continued to fight. Id. Defendant Harrison also pepper sprayed both inmates in the face area in an effort to stop the fighting. Id. The fighting continued, stopping only after three correctional officers, including the two defendants in this action, struck Holcomb with batons. Id. at ¶¶ 4-5. After Holcomb finally

[1] All parties have presented admissible evidence in support of their respective positions.

4

1   complied with defendant Pfadt's orders to lay down, both inmates laid down on their stomachs,

2   were placed in handcuffs, and escorted to the program office.  Id. at ¶ 5.  Plaintiff was escorted

3   by non-party correctional officers Mason and Williams.  Exs. D and E to Hanlon Declaration.

4            Inmate Holcomb arrived at the program office first and was decontaminated from

5   the pepper spray with cold water.  See Ex. E to Hanlon Declaration.  Plaintiff arrived at the office

6   while Holcomb was still being decontaminated and was therefore placed in a holding cell to wait

7   to be decontaminated.  Id.  Plaintiff was allowed to decontaminate himself once Holcomb

8   finished.  See id.  Plaintiff was examined by medical staff twenty minutes after the fight on the

9   yard.  Exs. A-F to Hanlon Declaration.  Medical notes reflect an abrasion on plaintiff's right hand

10  and exposure to pepper spray; the notes also indicate that plaintiff had been decontaminated.  Ex.

11  F. to Hanlon Declaration.  Plaintiff was returned to custody at 6:46 p.m.  Id.

12            Plaintiff disputes key parts of defendants' description of events.  In particular,

13  plaintiff presents evidence which suggests a different version of events, as follows.  Plaintiff was

14  the victim of an assault by Holcomb.  See Plaintiff's Opposition to Defendants' Motion for

15  Summary Judgment, filed July 27, 2011 (Plaintiff's Opposition), at 8.  He never struck Holcomb

16  before Holcomb knocked him to the ground.  See id.  Plaintiff was found not guilty of the rules

17  violation of mutual combat in disciplinary proceedings that arose from this incident.  Ex. A to

18  Plaintiff's Opposition, at 4.  The hearing officer found by a preponderance of evidence that the

19  rules violation report "describes [plaintiff] as a victim in this incident" and that "[t]here DOES

20  NOT exist enough evidence to find [plaintiff] GUILTY of the specific charge of mutual combat."

21  Id.  As a result, the rules violation charge against plaintiff was dismissed.  Id.  After Holcomb

22  knocked plaintiff to the ground, Holcomb positioned himself on top of plaintiff's chest "and

23  punched the plaintiff to unconsciousness."  Id.  Defendant Harrison pepper sprayed plaintiff in

24  the face after officers had physically removed inmate Holcomb from plaintiff's upper torso and

25  after plaintiff had complied with an order to lie in a prone position on his stomach.  See

26  Plaintiff's Opposition to Defendants' Motion for Summary Judgment, filed July 27, 2011, at 3-4;

1   see also Amended Complaint, filed April 9, 2009, at 5.[2]  Plaintiff "complied immediately" with

2   the order to "prone out".  Id.  Thereafter, defendant Harrison stood over plaintiff, stated "Oh this

3   is Dicey" and then sprayed plaintiff in the face with pepper spray.  Plaintiff's Opposition at 4;

4   See also Ex. C to Plaintiff's Opposition, Declaration by Thaddeus Dawson.  Plaintiff yelled as

5   loudly as he could to defendant Harrison to stop because plaintiff had asthma and could not

6   breathe.  Amended Complaint at 5.  Defendant Harrison told plaintiff to shut up.  Id.  Plaintiff

7   became nauseated, and defendant Harrison told plaintiff that if he spit again, defendant Harrison

8   would spray him again.  Id.  Plaintiff explained that if he spit or threw up it would be an accident

9   because he couldn't breathe, and defendant Harrison responded that if plaintiff spit again it

10  would be an accident that defendant Harrison sprayed him.  Id.

11          Plaintiff avers that he was escorted to the medical clinic and that defendant

12  Harrison continued to taunt him.  Plaintiff's Opposition at 5.  Plaintiff avers that he asked both

13  defendant Harrison and defendant Pfadt to be decontaminated.  Amended Complaint at 5-6.

14  Defendant Harrison told plaintiff to stop complaining.  Id. at 6.  It is undisputed that plaintiff was

15  in a holding cell for about twenty minutes before he was decontaminated; plaintiff contends the

16  decontamination process was inadequate.  Id.

17                          DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

18          Defendants Harrison and Pfadt seek summary judgment on the grounds that (1)

19  there is no evidence that either of them subjected plaintiff to excessive force[3]; (2) there is no

20  /////

---

22  [2]  Both plaintiff's amended complaint and his opposition to the motion for summary
    judgment are signed under penalty of perjury and therefore can be treated as affidavits to the
23  extent that the statements contained therein are otherwise admissible and based on plaintiff's
    personal knowledge.  See Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995).

24  [3]  The court has already determined that plaintiff has not raised an excessive force claim
    against defendant Pfadt.  See Findings and Recommendations, filed May 19, 2010, at 24; Order
25  filed June 18, 2010.  Accordingly, the court will not reach the arguments raised by defendants in
    support of their contention that defendant Pfadt is entitled to summary judgment on a claim of
26  excessive force.

1   evidence that either of them were deliberately indifference to plaintiff's medical needs; and (3)

2   they are entitled to qualified immunity on each of plaintiff's claims.

3   I.  Excessive Force

4             "When prison officials use excessive force against prisoners, they violate the

5   inmates' Eighth Amendment right to be free from cruel and unusual punishment."  Clement v.

6   Gomez, 298 F.3d 898, 903 (9th Cir.2002).  "Force does not amount to a constitutional violation

7   in this respect if it is applied in a good faith effort to restore discipline and order and not

8   'maliciously and sadistically for the very purpose of causing harm.' " Id. (quoting Whitley v.

9   Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)).

> Under the Whitley approach, the extent of injury suffered by an inmate is one factor that may suggest "whether the use of force could plausibly have been thought necessary" in a particular situation, "or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." 475 U.S., at 321, 106 S.Ct., at 1085. In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and "any efforts made to temper the severity of a forceful response." Ibid.

17   Hudson v. McMillian, 503 U.S. 1, 7 (1992).  The United States Supreme Court has recently

18   reiterated that the Eighth Amendment may be violated by use of excessive force against a prison

19   inmate "'[even] when the inmate does not suffer serious injury.'"  Wilkins v. Gaddy, _ U.S. _,

20   130 S.Ct. 1175, 1176 (2010) (quoting Hudson, 503 U.S. at 4).  While the extent of an inmate's

21   injury is relevant to the Eighth Amendment inquiry, "[i]njury and force . . . are only imperfectly

22   correlated, and it is the latter that ultimately counts."  Wilkins at 1178.

23             Defendants contend that all of the Hudson factors demonstrate that defendant

24   Harrison's use of force was not excessive and was "entirely justified" under the circumstances.

25   Defendants Harrison and Pfadt's Memorandum of Points and Authorities in Support of Their

26   /////

1   Motion for Summary Judgment, filed March 11, 2011, at 8.  However, disputed issues of

2   material fact preclude that determination on this motion for summary judgment.

3           As noted above, plaintiff has presented evidence that plaintiff was the victim of an

4   assault by Holcomb, rather than a mutual combatant.  Plaintiff has also presented evidence that

5   defendant Harrison sprayed him in the face with pepper spray after the altercation was over and

6   plaintiff was lying prone on the ground.  Plaintiff avers that defendant Harrison recognized

7   plaintiff and identified him by name before he sprayed plaintiff in the head and face with pepper

8   spray.  Plaintiff has also presented evidence that he suffered injury as a result of being pepper

9   sprayed.  Specifically, he presents evidence that he suffers from asthma and became nauseated,

10  couldn't see, and his skin burned as a result of the pepper spray.

11          The foregoing evidence is sufficient to raise a triable issue of material fact as to

12  whether defendant Harrison's use of pepper spray against plaintiff violated the Eighth

13  Amendment.  Defendant Harrison is not entitled to summary judgment on the merits of this

14  claim.

15          Defendant Harrison also contends that he is entitled to qualified immunity from

16  liability.  "The doctrine of qualified immunity protects government officials 'from liability for

17  civil damages insofar as their conduct does not violate clearly established statutory or

18  constitutional rights of which a reasonable person would have known.' "  Pearson v. Callahan,

19  555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  Resolving

20  the defense of qualified immunity involves a two-prong analysis:  courts look to whether the

21  facts "show the officer's conduct violated a constitutional right," and "whether the right was

22  clearly established" at the time of the alleged unlawful action. See Saucier v. Katz, 533 U.S. 194,

23  201 (2001), *overruled in part by* Pearson.[4]  " 'The relevant, dispositive inquiry in determining

24  _____

25          [4]  In Pearson, the United States Supreme Court held that courts may exercise "sound
    discretion sound discretion in deciding which of the two prongs of the qualified immunity
    analysis should be addressed first in light of the circumstances in the particular case at hand."

26  Pearson at 236.

1  whether a right is clearly established is whether it would be clear to a reasonable officer that his
2  conduct was unlawful in the situation he confronted.' Saucier, 533 U.S. at 202, 121 S.Ct. 2151.
3  The key inquiry is whether a reasonable person could have believed his actions lawful at the time
4  they were undertaken. Anderson v. Creighton, 483 U.S. 635, 646, 107 S.Ct. 3034, 97 L.Ed.2d
5  523 (1987)." Bull v. City and County of San Francisco, 595 F.3d 964, 1002 (9th Cir. 2010).

6           The same disputed issues of fact that preclude summary judgment for defendant
7  Harrison on the merits of plaintiff's Eighth Amendment claim preclude summary judgment on
8  this claim on the ground of qualified immunity.  If plaintiff's version of events is true, no
9  reasonable correctional officer could have believed it was lawful to use pepper spray under the
10  circumstances described by plaintiff.

11           For all of the foregoing reasons, defendants' motion for summary judgment
12  should be denied as to plaintiff's Eighth Amendment claim of excessive force against defendant
13  Harrison.

14  II.  Deliberate Indifference to Medical Needs

15           Plaintiff also claims that defendants Harrison and Pfadt acted with deliberate
16  indifference to his serious medical need for prompt and adequate decontamination from the
17  pepper spray.

18           In order to prevail on his Eighth Amendment claim plaintiff must prove that he had
19  a "serious medical need" and that defendants acted with "deliberate indifference" to that need.
20  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  A medical need is serious if "the failure to treat a
21  prisoner's condition could result in further significant injury or the 'unnecessary and wanton
22  infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992) (quoting Estelle,
23  429 U.S. at 104).  Deliberate indifference is proved by evidence that a prison official "knows of
24  and disregards an excessive risk to inmate health or safety; the official must both be aware of the
25  facts from which the inference could be drawn that a substantial risk of serious harm exists, and
26  he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Mere

9

1  negligence is insufficient for Eighth Amendment liability.  Frost v. Agnos, 152 F.3d 1124, 1128
2  (9th Cir. 1998).  In addition, "mere delay", without a showing of harm caused by the delay, "is
3  insufficient to state a claim of deliberate indifference."  Shapley v. Nevada Board. of State Prison
4  Commissioners, 766 F.2d 404, 407 (9th Cir. 1985).
5       Plaintiff claims that both defendant Pfadt and Harrison ignored his persistent
6  requests for decontamination from the pepper spray in spite of the fact that he told them he
7  suffered from asthma, that he couldn't see, and that his skin was burning.  The undisputed
8  evidence shows that plaintiff was decontaminated not more than twenty-five minutes after he was
9  sprayed with the pepper spray.  The undisputed evidence also shows that any delay in
10 decontaminating plaintiff was caused by the fact that plaintiff arrived at the program office while
11 Holcomb was being decontaminated and prison procedures required only one inmate at a time to
12 be at the sink.  Plaintiff has not presented any evidence that the twenty-five minute gap between
13 exposure to pepper spray and decontamination was itself harmful, as distinct from the harm
14 caused by the exposure to the pepper spray.  For that reason, defendants Harrison and Pfadt are
15 entitled to summary judgment on this claim.
16      For the foregoing reasons, IT IS HEREBY RECOMMENDED that:
17      1.  Defendants' March 11, 2011 motion for summary judgment be denied as to
18 plaintiff's Eighth Amendment excessive force claim against defendant Harrison and granted as to
19 plaintiff's Eighth Amendment claim of deliberate indifference against defendants Pfadt and
20 Harrison;
21      2.  This action proceed to trial on plaintiff's Eighth Amendment excessive force
22 claim against defendant Harrison; and
23      3.  This matter be referred back to the undersigned for further pretrial proceedings.
24      These findings and recommendations are submitted to the United States District
25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
26 days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 8, 2011.

UNITED STATES MAGISTRATE JUDGE

12
dice2608.msj

11